UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TV TOKYO CORPORATION,

                                   Plaintiff,

                  -against-

ANBRO2, et al.,

                                   Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___5/29/2026___

26 Civ. 3496 (AT)

## PRELIMINARY INJUNCTION ORDER

The Court has considered Plaintiff's Motion To Show Cause As To Why A Preliminary Injunction Should Not Issue (the "Motion to Show Cause") and oral arguments made in the hearing before the Court on May 26, 2026. *See* ECF No. 33. Based on the papers and other evidence submitted in support of the Motion to Show Cause, and for good cause shown, the Court makes the following findings of fact and conclusions of law:

## FACTUAL FINDINGS & CONCLUSIONS OF LAW

1. The Court has personal jurisdiction over Defendants for the purpose of Plaintiff's motion pursuant to Federal Rule of Civil Procedure 4(k)(2). First, this action arises under federal law, the Lanham Act, 15 United States Code Section 1051, *et seq.*, *see* Compl. ¶¶ 1, 3, ECF No. 27. Second, Plaintiff has met its burden of certifying that, to its knowledge, Defendants are not subject to jurisdiction in any state court of general jurisdiction, according to the sworn declaration of Plaintiff's counsel submitted in support of its motion for a preliminary injunction. *See Astor Chocolate Corp. v. Elite Gold Ltd.*, 510 F. Supp. 3d 108, 125 (S.D.N.Y. 2020); Mu Decl. ¶ 12, ECF No. 28. Third, Plaintiff has sufficiently alleged that Defendants have targeted their sales of infringing products to markets in the United States, including in this District, through online marketplace platforms like PayPal and Shop Pay, and have targeted consumers in the United States, by, for example, offering shipping to the United States, including to New

York, and listing the infringing products in U.S. dollars. *See* Compl. ¶¶ 2, 6, 36, 38; *see generally* Compl. Schedule A, ECF No. 27-1 (Defendant list); Compl. Ex. 3, ECF No. 27-2 (infringing evidence). Although Defendants have the right to challenge the existence of a basis for personal jurisdiction, Plaintiff's allegations are uncontested, and such a showing is sufficient to support a claim for injunctive relief. *See Overnight Blowout LLC v. Xuchang Yunduan Hair Prods. Co.*, No. 24 Civ. 7926, 2024 WL 5202547, at *4 (S.D.N.Y. Dec. 23, 2024).

2.      Plaintiff is likely to prevail on its trademark infringement and copyright infringement claims at trial.

    a.  Plaintiff is the owner of valuable intellectual property rights in and relating to the Naruto franchise, including United States trademark registrations for the NARUTO marks and United States copyright registrations for Naruto-related works. As used in this Order, the term "Naruto IP" means Plaintiff's Naruto Marks and Naruto Copyrighted Works, including without limitation Plaintiff's U.S. Trademark Registration Nos. 2,953,009; 3,280,366; 3,726,754; 3,229,574; 4,485,182; and 5,612,754 and U.S. Copyright Registration Nos. PA00002277887; PA00002431062; and PA00002276002.

3.      As a result of Defendants' misconduct, Plaintiff is likely to suffer immediate and irreparable losses, damages, and injuries:

    a.  Defendants, without any authorization or license from Plaintiff, have knowingly, willfully, and deliberately infringed Plaintiff's Naruto intellectual property, including Plaintiff's registered trademarks associated with NARUTO and related indicia (the "Naruto Marks") and Plaintiff's copyrighted works associated with the Naruto franchise (the "Naruto Copyrighted Works" and, together with the Naruto Marks, the

"Naruto IP"), in connection with the systematic advertisement, distribution, offering for sale, and sale of products bearing or incorporating Plaintiff's Naruto IP without authorization (the "Infringing Products") into the United States, including within this judicial district of New York, over the Internet through accounts with online marketplace platforms including PayPal and Shop Pay held by Defendants (the "User Account(s)").

b. Plaintiff has well-founded fears that more Infringing Products will appear in the marketplace using the same User Accounts or new and different User Accounts; that consumers may be misled, confused and disappointed by the quality of these Infringing Products, resulting in injury to Plaintiff's reputation and goodwill and, in particular, the reputation and goodwill related to Plaintiff's Naruto IP.

4. On balance, the potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a preliminary injunction order is issued is far outweighed by the potential harm to Plaintiff, its business, and the goodwill and reputation built up in and associated with Plaintiff's Naruto IP if a preliminary injunction order is not issued.

5. Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants and does not violate the Hague Service Convention as Defendants' addresses are unknown or unverifiable despite Plaintiff's due diligence.

## **ORDER**

The injunctive relief previously granted in the temporary restraining order (the 'TRO') shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65, 15 U.S.C. § 1116(a), and 17 U.S.C. § 502. Based on

the foregoing findings of fact and conclusions of law, Plaintiff's Motion to Show Cause is hereby GRANTED with respect to Defendants listed in Schedule A and it is **ORDERED** as follows:

1.      As sufficient causes have been shown, Defendants are hereby enjoined and restrained from engaging in any of the following conduct pending the final hearing and determination of this action or until further order of the Court:

a. Cease and refrain from manufacturing, advertising, offering for sale, selling, distributing, destroying, selling off, transferring, or otherwise disposing of any Infringing Products;

b. Cease and refrain from manufacturing, advertising, offering to sell, selling, reproducing, copying, displaying, distributing, or otherwise exploiting any goods utilizing the Plaintiff's Naruto IP, or any confusingly similar goods, other than genuine products manufactured, distributed, or authorized by Plaintiff;

c. Cease and refrain from destroying, selling off, transferring, or otherwise disposing of any documents, electronically stored information, or financial records or assets of any kind relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any Infringing Products;

d. Cease and refrain from using the Plaintiff's Naruto Marks on or in connection with any seller alias that any Defendant may own, operate, or control on any online marketplace platform (each, a "Marketplace");

e. Cease and refrain from any and all use of the Plaintiff's Naruto Marks as metatags, on any webpage (including the title of any web page), in any advertising links to other websites, from search engines' databases or cache memory, or any other form of use of such terms that are visible to a computer user or serves to direct computer searches

4

to seller accounts, usernames, or identifiers ("Seller Aliases") registered, owned or operated by any Defendant on any Marketplace; and;

f.  Cease and refrain from altering, disabling, closing, or transferring ownership of any seller alias on any Marketplace.

## Asset Restraint

2.    As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

a.  within five (5) days of receipt of service of this Order, the Financial Institutions, namely (i) Amazon, (ii) PayPal, Inc. ("PayPal"), (iii) Payoneer, Inc ("Payoneer"), (iv) Ping Pong Global Solutions Inc ("Ping Pong"), (v) Coinbase Global, Inc ("Coinbase"), and (vi) Whaleco Inc. ("Temu") (collectively referred to as the "Financial Institutions") shall locate all accounts associated with Defendants (the "Defendants' Accounts") and other assets belonging to Defendants, including any cryptocurrency (the "Defendants' Assets") and shall locate, attach, and restrain the transfer or disposing of monies or funds from Defendants' Accounts, as well as the transfer or disposing of Defendants' Assets, until further ordered by this Court. The Financial Institutions shall provide written confirmation of their compliance with the foregoing to Plaintiff.

## Expedited Discovery

3.    As sufficient cause has been shown, the expedited discovery order previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

a.  within five (5) days of receipt of service of this Order, the Financial Institutions shall provide the following information to Plaintiff's counsel (to the extent such information is in the Financial Institutions' possession, custody, or control): (i) Identifying

information for Defendants, including all available contact information (which shall include, if available, all known e-mail addresses and mailing addresses), as well as all associated account numbers and account balances, regardless of the platform or institution; (ii) Any User Accounts and/or online marketplace websites affiliated with Defendants that are not listed on Schedule A to the Complaint (and attached hereto); (iii) Information concerning any of Defendants' Accounts or Defendants' Assets including any and all related, connected or otherwise associated accounts or assets, regardless of the hosting platform or institution.

4. As sufficient cause has been shown, Plaintiff is authorized to conduct expedited discovery, including that:

a. Plaintiff may serve interrogatories and requests for production of documents, pursuant to Rules 26 and 33, and 34 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern District of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories and produce documents requested within seven (7) days of service to Plaintiff's counsel.

### **Service by Electronic Mail and/or Electronic Publication**

5. Pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service of this Order and the Summons and Complaint may be made on, and shall be deemed effective as to Defendants and third parties subject to this Order, including the Financial Institutions ("Third Parties"), if it is completed by the following means:

a. Delivery of (i) PDF copies of this Order together with the Summons and Complaint, and (ii) a link to a website where each Defendant will be able to download PDF copies

of this Order together with the Summons and Complaint, and all papers filed by Plaintiff (the "Link"), to Defendants' e-mail addresses as provided by the Financial Institutions, or, if the Financial Institutions are unable to provide Defendants' e-mail addresses, delivery of the foregoing to the Financial Institutions for forwarding to Defendants.

## Security Bond

6.      The $1,500.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated

## Application to Vacate or Dissolve

7.      Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by this Court.

SO ORDERED.

Dated:  May 29, 2026
   New York, New York

_____
  ANALISA TORRES
 United States District Judge

7

**SCHEDULE A**

| Doe No | Seller Alias | Platform | Seller ID |
|---|---|---|---|
| 1 | ANBRO2 | Stand Alone | anbro2store.com |
| 2 | Anime Jacket | Stand Alone | animejacket.com |
| 3 | Animecosbox | Stand Alone | animecosbox.com |
| 4 | apparel.quymart | Stand Alone | apparel.quymart.com |
| 5 | chinmayyoga | Stand Alone | chinmayyoga.com |
| 6 | COSHZZY | Stand Alone | coshzzy.com |
| 7 | cosplaysos | Stand Alone | cosplaysos.com |
| 8 | DISMISSED | DISMISSED | DISMISSED |
| 9 | foxtume | Stand Alone | foxtume.com |
| 10 | Gcosplay | Stand Alone | gcosplay.com |
| 11 | Hamshi Wonders | Stand Alone | hamshiwonders.com |
| 12 | holouncosplay | Stand Alone | holouncosplay.com |
| 13 | kawaiiwaru | Stand Alone | kawaiiwaru.com |
| 14 | Mincorner | Stand Alone | mincorner.com |
| 15 | mooncosya | Stand Alone | mooncosya.com |
| 16 | NalaGila | Stand Alone | nalagila.com |
| 17 | Noclaws | Stand Alone | noclaws.com |
| 18 | OutletTrends | Stand Alone | outlettrends.com |
| 19 | DISMISSED | DISMISSED | DISMISSED |
| 20 | Rizz Costumes | Stand Alone | rizzcostumes.com |
| 21 | Rockard Home | Stand Alone | rockardhome.com |
| 22 | RoleCosplay | Stand Alone | rolecosplay.com |
| 23 | speedcosplay | Stand Alone | speedcosplay.com |
| 24 | trustedeal.com | Stand Alone | trustedeal.com |
| 25 | WeebWorld | Stand Alone | weebworld.com |
| 26 | WETROSE | Stand Alone | wetrose.com |
| 27 | Xavi's World | Stand Alone | xavisworld.com |
| 28 | Yallafit | Stand Alone | yallafit-8323.myshopify.com |
| 29 | zentaihero | Stand Alone | zentaihero.com |
| 30 | Amyrastore | Amazon | A7TNME6GTR1E0 |
| 31 | BERON OFFICIAL STORE | Amazon | AE7AOYQ7B5ULF |
| 32 | HIKE CREATION | Amazon | A3FEBN1REVE62A |
| 33 | JINQUAN STORE | Amazon | A3DW7CO7QDPJHI |
| 34 | RealerLeather | Amazon | A23H34B2HAOKPI |
| 35 | Sk hand macaer | Amazon | ACRENMOGMCMQQ |

| Doe No | Seller Alias | Platform | Seller ID |
|---|---|---|---|
| 36 | SMART KABIR TRADING.01 | Amazon | A2PNP7VPTP12PA |
| 37 | AAXUBD | Temu | 634418227338532 |
| 38 | Carpet Stars Glow | Temu | 634418228286025 |
| 39 | Chen Hui S | Temu | 634418228144728 |
| 40 | CYNXX | Temu | 634418222344862 |
| 41 | Danni T Shop | Temu | 634418229160872 |
| 42 | Easily clothingA | Temu | 634418225584112 |
| 43 | good afswdfdrg | Temu | 634418228497616 |
| 44 | HLLABC | Temu | 634418225645794 |
| 45 | Jseyes | Temu | 634418227543967 |
| 46 | KKidHappyCollection | Temu | 634418227434938 |
| 47 | Lai Kitten Clothing two | Temu | 634418227291189 |
| 48 | LinTwoo | Temu | 634418226178274 |
| 49 | Mai Life | Temu | 634418223913444 |
| 50 | QIANCHENGFUSHI | Temu | 634418227218324 |
| 51 | QuickThreads local | Temu | 634418222841621 |
| 52 | Sensual LabA | Temu | 634418226620894 |
| 53 | STREETLANE | Temu | 634418228877908 |
| 54 | Supporting these fragmented fragments together | Temu | 634418228249142 |
| 55 | The king of mens choice | Temu | 634418226749859 |
| 56 | The shadow stretched very long | Temu | 634418228267699 |
| 57 | Twoconem A | Temu | 634418227054481 |
| 58 | WONANYENAN Garment | Temu | 634418227642877 |
| 59 | XJMSVJ Cloting | Temu | 634418226718538 |
| 60 | XMPSX | Temu | 634418226717483 |
| 61 | YEYHTWO | Temu | 634418225614894 |
| 62 | YuDe Man Clothing | Temu | 634418227839837 |
| 63 | Yufei Clothing S | Temu | 634418227238229 |